**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**

| | |
|---|---|
| DNA Diagnostic Center, Inc. ) | Case No. |
| ) | |
| Plaintiff, ) | Judge |
| ) | |
| vs. ) | |
| ) | Jury Trial Demanded |
| Gateway Genomics, LLC ) | |
| ) | |
| Defendants. ) | |

**COMPLAINT**

For its complaint against defendant Gateway Genomics, LLC ("Gateway"), plaintiff DNA Diagnostic Center, Inc. ("DDC") states:

**Summary of Case**

.. This is an action for damages and injunctive relief to remedy Gateway's tortious and deceptive conduct as well as its false advertising against DDC.

2. As a global leader in innovative DNA and other diagnostics testing, DDC offers personalized testing services to customers for ancestry, paternity, immigration, pet, and other uses. One such test is DDC's non-invasive "Peekaboo Early Gender DNA Testing" ("Peekaboo").

3. Gateway is a competitor of DDC in the field of DNA testing and offers a test that competes with Peekaboo, called "SneakPeak."

4. On September 24, 2020, Gateway sent an email to over 800 customers containing materially false and misleading statements about DDC and the Peekaboo test.

{10641288:2}  1

5. Accordingly, DDC seeks to enjoin Gateway from engaging in further acts of deceptive trade practices and tortious interference and to obtain monetary relief for the harm DDC has caused.

## Parties

6. DDC is an Ohio corporation with a principal place of business at DNA Technology Park, 1 DDC Way, Fairfield, OH 45014.

7. Upon information and belief, Gateway is a Delaware limited liability company with a principal place of business at 7590 Fay Ave., Suite 200 La Jolla, CA 92037.

## Jurisdiction and Venue

8. This Court has subject matter jurisdiction over DDC's claims under 28 U.S.C. §§ 1331 and 1367 because it asserts a federal question under the Lanham Act and the other claims are so related to the other claims in the action that they form part of the same claim or controversy. The Court also has jurisdiction under 28 U.S.C. § 1332 because the dispute is between citizens from two different states and the amount in controversy exceeds $75,000.

9. This Court also has personal jurisdiction over Gateway at least because among other things, Gateway does business in Ohio and offers for sale competing products related to Gateway's tortious conduct in Ohio and to Ohio businesses or individuals. By targeting customers in Ohio and DDC, Gateway is intentionally causing tortious harm to DDC in Ohio; upon information and belief, Gateway has sold products in Ohio and to Ohio businesses or individuals.

10. Venue is proper under 28 U.S.C. § 1391 because Gateway is subject to personal jurisdiction in this district.

**Relevant Facts**

11. DDC is a leader in providing DNA testing services to customers around the world. The tests DDC offered by DDC include testing for paternity and other DNA relationships, fertility, ancestry, health and lifestyle, and for pets.

12. One such test offered by DDC is the Peekaboo Early Baby Gender Test ("Peekaboo"). The Peekaboo test provides expecting parents a non-invasive way to determine the sex of the child as early seven weeks into pregnancy.

13. DDC has offered the Peekaboo test since 9/17/2020.

14. Gateway provides substantially fewer products for testing, but competes with DDC in offering DNA tests for the purpose of determining the gender of a baby early in pregnancy, called "SneakPeak."

15. In 2020, DDC reached out to potential customers with samples of the Peekaboo product and clearly identifying both DDC and the Peekaboo branded product. The samples included a promotional kit containing: a full collection kit, a t-shirt, a sticker, and a half-flap product overview flyer.

16. After sending the samples to the potential customers, Gateway VP and Head of Sales David Wang sent a mass communication to over 800 of its clinical customers.

17. In the communication, Gateway made several materially false and misleading statements about DDC and the Peekaboo product. Specifically those materially false and misleading statements are, at least, as follows:

  a. Gateway falsely accused DDC of "copying" SneakPeak; despite the fact that Peekaboo's product is different than the SneakPeak product;

  b. Peekaboo can "confuse even those distributors who understand the key details" despite the fact that both DDC and Gateway have made clear that they are different entities with different products under different brand names;

  c. There is a false statement of a "risk and uncertainty" by Gateway to customers because of "the performance, commitment and support" of DDC that is a baseless statement without any prior substantiation or support;

  d. Gateway misleadingly stated DDC was basing a claim that it could test for the gender of a baby seven weeks into pregnancy "on only 27 samples" when all of those samples correctly identified the gender of the fetus;

  e. Gateway falsely stated DDC offers two separate products, a home kit and a lab kit, and it would be "difficult to maintain [the] price" for the lab kit because of the price of the separate home kit; and

  f. Gateway falsely stated that DDC would confuse customers with the other serves DDC provides such as "paternity testing, drug screenings or a veterinary testing" menu.

18. All of the statements above were and are false or misleading statements designed to prevent the formation of a business relationship and negatively influence the purchasing decisions of the potential customers.

**Count I**
*False Advertising Under Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a)(1)(B)*

19. DDC incorporates by reference all allegations in all preceding paragraphs of this complaint as if fully set forth herein.

20. Gateway's false and misleading communication to over 800 clinical customers constitutes false advertising under Section 43(a)(1)(B) of the Lanham Act.

21. Gateway falsely stated that DDC's Peekaboo product "copies" Gateway's SneakPeak product, that Peekaboo confuses "even those distributors who understand key details," that Peekaboo presents risk and uncertainty because of the "performance, commitment and support" of DDC, that DDC based its claims of a seven-week window on "only 27 samples," that the price of Peekabo would be detrimental to the customers, and that DDC confuses customers by offering "paternity testing, drug screenings or a veterinary testing menu."

22. Each of those statements was false and misleading and is material to the purchasing decisions made by the customers for the Peekaboo and SneakPeak products. Indeed, the purpose of the communication was to steer customers away from purchasing Peekaboo.

23. Both Peekaboo and SneakPeak are sold across the United States in interstate commerce.

24. These false statements had a strong likelihood of injuring DDC.

25. DDC has suffered irreparable harm due to Gateway's false advertising and will continue to be irreparably harmed unless and until Gateway is enjoined by this Court.

26. On information and belief, DDC has also suffered damages in an amount greater than $75,000 by the loss of customers by Gateway's conduct.

## Count II
*Deceptive Trade Practices under Ohio Revised Code § 4165.02(10)*

27. DDC incorporates by reference all allegations in all preceding paragraphs of this complaint as if fully set forth herein.

28. Gateway's materially false and deceptive communication with 800 clinical customers constitutes a deceptive trade practice under R.C. § 4165.02(10).

29. Gateway, in the course of its business, disparaged DDC's goods, services, and business by a false representation of fact.

30. Gateway falsely stated that DDC's Peekaboo product "copies" Gateway's SneakPeak product, that Peekaboo confuses "even those distributors who understand key details," that Peekaboo presents risk and uncertainty because of the "performance, commitment and support" of DDC, that DDC based its claims of a seven-week window on "only 27 samples," that the price of Peekabo would be detrimental to the customers, and that DDC confuses customers by offering "paternity testing, drug screenings or a veterinary testing menu."

31. Gateway made the statement so that the over 800 clinical customers would not do business with DDC.

32. DDC has suffered irreparable harm due to Gateway's false advertising and will continue to be irreparably harmed unless and until Gateway is enjoined by this Court.

33. On information and belief, DDC has also suffered damages in an amount greater than $75,000 by the loss of customers by Gateway's conduct.

## Count III
*Tortious Interference with a Business Relationship under Ohio Common Law*

34. DDC incorporates by reference all allegations in all preceding paragraphs of this complaint as if fully set forth herein.

35. Gateway's materially false and deceptive communication with 800 clinical customers constitutes a tortious interference with a business relationship with a business relationship.

36. In 2020, DDC sent sample test kits to clinics across the country to demonstrate the Peekaboo product. DDC had business relationships that would have led to a contractual relationship but for Gateway's tortious conduct.

37. Gateway discovered that DDC sent the samples to the clinics and, therefore, had knowledge of the potential relationship.

38. In response to sending samples to DDC, Gateway sent a correspondence to over 800 clinical customers diparaging DDC's goods, services, and business using materially false statements of fact.

39. Gateway falsely stated that DDC's Peekaboo product "copies" Gateway's SneakPeak product, that Peekaboo confuses "even those distributors who understand key details," that Peekaboo presents risk and uncertainty because of the "performance, commitment and support" of DDC, that DDC based its claims of a seven-week window on "only 27 samples," that the price of Peekabo would be detrimental to the customers, and

that DDC confuses customers by offering "paternity testing, drug screenings or a veterinary testing menu."

40. Gateway made the statement so that the over 800 clinical customers would not do business with DDC.

41. DDC has suffered irreparable harm due to Gateway's false advertising and will continue to be irreparably harmed unless and until Gateway is enjoined by this Court.

42. On information and belief, DDC has also suffered damages in an amount greater than $75,000 by the loss of customers by Gateway's conduct.

**Prayer for Relief**

**WHEREFORE**, DDC prays for judgment against Gateway as follows:

(A) Finding that Gateway violated Section 43(a) by advertising false statements regarding the goods and services offered by DDC;

(B) Finding that Gateway engaged in Deceptive Trade Practices under R.C. § 4165.02(10);

(C) Finding that Gateway tortuously interfered with business relationships under Ohio Common Law;

(D) Preliminary and permanent injunctive relief enjoining Gateway, its officers, directors, managers, employees, affiliates, agents, representatives, parents, subsidiaries, successors, assigns, those in privity with them, and all others aiding, abetting, or acting in concert or active participation therewith, from: (1) making false or deceptive statements regarding the goods or services offered by DDC or (2) interfering with DDC's business relationships;

(E) Awarding DDC damages caused by Gateway's conduct under state and federal law, including 15 U.S.C. § 1117, in an amount exceeding $75,000.

(F) Awarding DDC its costs, attorneys' fees, investigatory fees, and expenses to the full extent provided under 15 U.S.C. § 1117;

(G) Awarding DDC pre-judgment and post-judgment interest;

(H)  Awarding DDC any other actual and punitive damages to which DDC is entitled under applicable federal and state laws; and

(I)  Such other and further relief as allowed at law or in equity that the Court deems to be appropriate, just, and proper.

Dated: September 23, 2022

   s/ *David B. Cupar*
David B. Cupar (0071622)
Andrew D. Gordon-Seifert (0092499)
MCDONALD HOPKINS LLC
600 Superior Avenue, East, Ste. 2100
Cleveland, Ohio 44114
t 216.348.5400 │ f 216.348.5474
dcupar@mcdonaldhopkins.com
agordon-seifert@mcdonaldhopkins.com

*Counsel for DNA Diagnostic Centers, Inc..*

**Jury Demand**

Plaintiff DNA Diagnostic Center, Inc. hereby demands a jury trial for all issues so triable.

Dated: September 23 2022

   s/ *David B. Cupar*
David B. Cupar
Andrew D. Gordon-Seifert
MCDONALD HOPKINS LLC
600 Superior Avenue, East, Ste. 2100
Cleveland, Ohio 44114
t 216.348.5400 | f 216.348.5474
dcupar@mcdonaldhopkins.com
agordon-seifert@mcdonaldhopkins.com

*Counsel for DDC Global Americas, Inc.*